UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ANTONIO RAMOS,

                       Plaintiff,

-against-                                                  22-CV-3959 (VSB)

DEPARTMENT OF HOMELESS SERVICES                            ORDER OF SERVICE
and BREAKING GROUND,

                       Defendants.

---

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action asserting that Defendants have failed to comply with housing laws and denied him permanent housing. He names as Defendants the New York City Department of Homeless Services (DHS) and Breaking Ground, a non-profit organization that operates supportive housing. By order dated May 16, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

      Because Plaintiff identifies as a senior with some handicaps and alleges that Defendants have failed to accommodate his disability by installing safety features in the showers and bathrooms at his New York City temporary residence, the Court construes the complaint as asserting claims under the Fair Housing Act (FHA), 42 U.S.C. § 3604.

      For the reasons set forth below, the Court (1) dismisses without prejudice any claims that Plaintiff is asserting on behalf of others; (2) dismisses DHS under the New York City Charter because it is a non-suable entity; (3) adds the City of New York as a Defendant under Rule 21 of the Federal Rules of Civil Procedure; and (4) directs service as to Breaking Ground and the City of New York.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.    Similarly Situated Others**

As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of any other similarly situated individuals.

**B.    DHS**

Plaintiff's claims against the DHS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

C.  **City of New York**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DHS with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

D.  **Service on Breaking Ground and the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Breaking Ground and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail Plaintiff an information package.

The Court dismisses without prejudice any claims Plaintiff is asserting on behalf of any other similarly situated individuals. 28 U.S.C. § 1654. The Court also dismisses Plaintiff's claims against DHS under the New York City Charter. The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issues summonses as to Breaking Ground and the City of New York, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2022
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Breaking Ground
   505 8th Avenue, 2nd Floor
   New York, NY 10018

2. City of New York City
   New York City Law Department
   100 Church Street
   New York, NY 10007