IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSE ANTONIO RAMOS, et al : CASE No.22CV3959
　　　　　　Plaintiffs :
 :
vs. :
DEPARTMENT OF HOMELESS :
SERVICES, BREAKING GROUND :
　　　　　　Defendants :

### MOTION FOR PRELIMINARY INJUNCTION/ TEMPORARY RESTRAINING ORDER

**AND NOW,** comes your Plaintiff and similar situated individuals in the above entitled captioned legal matter before the Court, pursuant to Federal Rules of Civil Procedure Rule 65 a, b and 28 U.S.C. section 1292 and does here by submit this Motion for a Preliminary Injunction and or a Temporary Restraining Order on the defendants herein for the following reasons stated as follows:

### BRIEF STATEMENT

1. Plaintiff herein filed a Civil Complaint against defendants herein (Case No. 22CV3959) with the Court on Friday 13th 2022 at 3:04 pm

2. Defendant herein received there certified copy on Monday May 16th 2022 (#7021-0350-0000-8968-8919 & 7021-0350-0000-8968-8902)

3. Plaintiff is currently housed at 123 East 15th Street, room 1300, third floor, as are all similar situated individuals at the above address through-out the building at 123 East 15th street, New York, N.Y. 10003

4. Plaintiff and all other similar situated individuals are being subjected to harassment by Defendants herein staff members, by telling plaintiff that he must move all his personal storage items from a closet on the third floor, which defendants herein allowed Plaintiff to use. Staff members told Plaintiff that any removal of any item from the closet, would have to be taken out of the building and not be allowed to return to the building.

5. During the course of Plaintiffs stay at 123 East 15th Street, Plaintiff informed staff at 123 East 15th Street, that someone has been going into Plaintiffs room and removing certain items from Plaintiffs room without Plaintiff's permission, only staff has the master key to all the rooms at 123 East 15th Street.

6. Plaintiff herein and several other handicapped individuals are afraid to use the showers or bathrooms at 123 East15th Street. Defendants herein have refused to correct and comply with the laws, for handicapped individuals and similar situated individuals in the State of New York

7. Plaintiff herein is a veteran and served in the U.S. Navy and is of the age of 78-year's old and is continually being subjected to staff members wanton discriminatory acts of hate and animosity towards Plaintiff, because of Plaintiffs past criminal record by staff members at 123 East 15th Street.

8. Defendants herein will with malicious and willful intentions continually subject Plaintiff and other similar situated individuals at 123 East 15th Street by banging on the doors of clients at all hours of the day and late night as a form of harassment and claim that Plaintiff's herein need to be cared for.

9. Defendants herein have in the past refused to correct the necessary safety measures to the bathrooms and showers as requested by Plaintiffs herein and will not correct such matters, until this Court issues forth and order or a Temporary Restraining order on Defendants herein to comply with the Laws of New York State for handicapped and senior citizens at 123 East 15th Street, New York, N.Y. 10003.

**THEREFORE,** for all the brief above mention pro se matters, presented to this Honorable Court, Plaintiff and other similar situated individuals at 123 East 15th Street, New York, N.Y. are respectfully requesting that this Court conduct a hearing to determine if Plaintiffs Motion has merit and if so to issue forth a preliminary injunction/temporary restraining order on defendants herein, or in the alternative that this Court issue forth a temporary restraining order on defendants herein, for this Plaintiffs will forever Pray to the Court for relief.

RESPECTFULLY SUBMITTED

*Mr. Jose Antonio Ramos*
Mr. JOSE ANTONIO RAMOS
Pro Se, in Behalf of all similar
situated individuals

DATED: May 20 2022

**APPLICATION DENIED**
**SO ORDERED** /s/ Vernon S. Broderick
**VERNON S. BRODERICK**
**U.S.D.J.**   05/20/2022

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunction; (3) that the balance of hardships tips in the movant's favor; and (4) that the public interest is not disserved by the issuance of the injunction. Salinger v. Colting, 607 F.3d 68, 79–80 (2d Cir. 2010). A court can also grant a preliminary injunction "in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). The party seeking the injunction must demonstrate "by a clear showing" that the necessary elements are satisfied. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (internal quotation marks and emphasis omitted); see also Juicy Couture, Inc. v. Bella Int'l Ltd., 930 F. Supp. 2d 489, 498 (S.D.N.Y. 2013). A plaintiff seeking an injunction that is mandatory—that is, that will alter rather than maintain the status quo—"must show a 'clear' or 'substantial' likelihood of success." Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004) (quoting Tom Doherty Assocs., Inc. v. Saban Entm't Inc., 60 F.3d 27, 34 (2d Cir. 1995)).

Plaintiff has not made any demonstration of why a preliminary injunction or temporary restraining order, both of which are "extraordinary remed[ies]," should issue in this case, which is a burden that a "party seeking [such an order] must demonstrate by a clear showing." See Fair Hous. Just. Ctr., Inc. v. Cuomo, 18-CV-3196 (VSB), 2018 WL 4565152, at *10 (S.D.N.Y. Sept. 24, 2018) (granting in part and denying in part a motion for a preliminary injunction and explaining the legal and evidentiary matters a party must address in order to successfully move for a preliminary injunction); see also Vans, Inc. v. MSCHF Prod. Studio, Inc., 22-CV-2156 (WFK) (RML), 2022 WL 1446681 (E.D.N.Y. Apr. 29, 2022) (granting a motion for a temporary restraining order and a preliminary injunction). Plaintiff has offered neither legal analysis nor evidence in support of his motion.

If Plaintiff has questions about the law, he should contact the Court's Legal Assistance Clinic, which is available via the phone number 212-659-6190 and via the web address https://www.nysd.uscourts.gov/attorney/legal-assistance.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.