UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                                                       :

JOSE ANTONIO RAMOS,                      :

                                       Plaintiff,    :

                                                       :          22-CV-3959 (VSB)

                    -against-                :

                                                       :          **OPINION & ORDER**

DEPARTMENT OF HOMELESS           :
SERVICES, et al.,                               :

                                     Defendants.  :
---------------------------------------------------------X

Appearances:

Jose Antonio Ramos
New York, New York
*Pro Se Plaintiff*

Dianna L. Daghir McCarthy
Kevin W. Murray
Kaufman Borgeest & Ryan
New York, New York
*Counsel for Defendant Breaking Ground*

Hannah J. Sarokin
New York City Law Department
New York, New York
*Counsel for Defendant City of New York*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's second motion for a preliminary injunction and temporary restraining order ("second TRO/PI"), filed on August 18, 2022. (Doc. 16.) Because Plaintiff has failed to demonstrate irreparable harm, Plaintiff's motion for a temporary restraining order and preliminary injunction, (Doc. 16), is DENIED.

I.      **Background and Procedural History**

On May 13, 2022, Plaintiff filed the present action against Defendants Breaking Ground and the New York City Department of Homeless Services ("DHS").  (Doc. 2.)  Plaintiff filed the action on behalf of himself and "several other similar[ly] situated individuals at 123 East 15th Street" who "are seniors with some handicaps [who] are fearful from using the showers or bathrooms" due to a lack of safety strips or safety bars.  (*Id*. at 1–2.)  In addition, Plaintiff claimed that although he complied with all necessary requirements over a nine-month period, "no permanent housing was offered, yet several other individuals who were only three weeks at 123 East 15th Street, were given housing by Defendants."  (*Id*. at 1.)  Plaintiff further alleged that Defendants have "denied Plaintiff and [o]ther similar[ly] situated individuals . . . safe and adequate permanent housing in the City of New York."  (*Id*. at 2.)  I dismissed Plaintiff's claims against DHS and directed the Clerk of Court to issue summonses as to Breaking Ground and the City of New York.  (Doc. 5.)

On May 20, 2022, Plaintiff filed a motion for preliminary injunction and temporary restraining order ("TRO/PI").  (Doc. 6.)  I denied Plaintiff's motion for failure to demonstrate by a clear showing why such extreme remedies should be issued in this case.  (Doc. 7.)  On August 11, 2022, Plaintiff moved to amend the Complaint on behalf of himself and "all other similar[ly] situated individuals who are Hispanics" and are "being subjected to further harassment by Defendants."  (Doc. 12.)  Plaintiff further alleged that "Plaintiff and another similar[ly] situated individuals [sic] are continually being told by staff that there is no housing available at the present moment to house Plaintiffs who are Hispanics, yet individuals who are white and black are given housing after three months."  (*Id*. at 1.)

On August 18, 2022, Plaintiff filed his second TRO/PI on behalf of himself, Billy

2

Figueroa, and others similarly situated. (Doc. 16.) As part of his second TRO/PI papers, Plaintiff included an affidavit from Mr. Figueroa, (*id.* at 3–4), alleging, among other things, continued harassment by his roommate, David Vasquez, and requesting that Mr. Figueroa be transferred to a single room. (*Id.*)

In accordance with my August 19, 2022 Order, (Doc. 18), Defendants Breaking Ground and City of New York filed oppositions to the second TRO/PI on August 25, 2022. (Docs. 19, 21, 22.)

## II. <u>Legal Standard</u>

To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted); *see AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted)). "Thus, if a party fails to show irreparable harm, a court need not [ ] address the remaining elements." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

### III. Discussion

#### A. *Plaintiff Cannot Bring Claims on Behalf of Others*

As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). "A party proceeding *pro se* 'must be litigating an interest personal to him.'" *Price v. de Blasio*, No. 21-CV-8540 (LTS), 2021 WL 4975638, at *2 (S.D.N.Y. Oct. 26, 2021) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Plaintiff's moving papers in support of his second TRO/PI state that the pending motion is being filed by "Plaintiff and similar[ly] situated individuals," and includes an affidavit from Billy Figueroa. (Doc. 16.) The claims of harassment included in Mr. Figueroa's affidavit are personal to him, and do not apply to Plaintiff's own claims. As I previously stated in my rejection of Plaintiff's initial Complaint, I dismiss without prejudice claims Plaintiff asserts on behalf of any other similarly situated individual. (Doc. 5.)[1]

#### B. *Plaintiff Fails to Meet the Necessary Standard in Seeking a Temporary Restraining Order and Preliminary Injunction*

As discussed above, Plaintiff's claims regarding Billy Figueroa and others similarly situated are dismissed. In addition to attaching the affidavit from Mr. Figueroa to his second TRO/PI, Plaintiff attaches his initial Complaint, (Doc. 2), his Motion to Amend, (Doc. 13), and his first motion for a TRO/PI. (Doc. 6.) I have already rejected the claims raised in Plaintiff's initial Complaint and first motion for a TRO/PI. (Docs. 5, 7.) As noted, I have already dismissed the claims Plaintiff raises on behalf of others, but in construing *pro se* pleadings liberally, I will address the claims raised in Plaintiff's attached Motion to Amend as they pertain solely to Plaintiff. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).[2]

---

[1] The dismissal of Plaintiff's claims raised on behalf of Mr. Figueroa does not prevent Mr. Figueroa from bringing a future action based on these claims.

[2] I acknowledge Defendant City of New York's argument that it has not waived its defense regarding personal

Plaintiff provides conclusory assertions of harassment, denial of housing, and safety in the showers and bathrooms, all of which fail to provide sufficient details evidencing irreparable harm.  As such, I do not need to assess the likelihood of success of Plaintiff's claims.  *See Coscarelli*, 364 F. Supp. 3d at 221.  Even when viewing Plaintiff's claims under the Fair Housing Act ("FHA"), Plaintiff has failed to meet the standards.  Under the FHA, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  42 U.S.C. § 3604(b).  To establish a prima facie case of discrimination under the FHA, a plaintiff must show that (1) he is a member of a protected class, (2) he sought and was qualified to purchase or rent the housing, (3) he was rejected, and (4) the housing opportunity remained available to other renters or purchasers.  *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).  In its opposition, Defendant Breaking Ground states that Plaintiff has been offered six separate housing opportunities, all of which he has refused.  (Doc. 19 at 6.)  Defendant City of New York similarly states that Plaintiff was offered interviews for permanent housing on five separate occasions, denied all but one, and was rejected from his sole interview in part due to discrepancies between his responses in the interview and his referral packet.  (Doc. 22 ¶ 9.)  In addition, Plaintiff also declined apartments offered by private landlords.  (*Id.* ¶ 11.)  With regard to Plaintiff's request for safety strips in the showers, Plaintiff has not alleged any handicap or disability and has not filed any grievances or requested any reasonable accommodations in reference to mobility or accessibility issues.  (*See* Doc. 21 at 4, 6; Doc. 19-2 at 3.)

---

jurisdiction based on lack of service, (Doc. 21 at 1), but have addressed the issues raised by Plaintiff against both Defendants and dismiss them on the merits.

5

Plaintiff has not demonstrated irreparable harm or why a preliminary injunction or temporary restraining order, both of which are "extraordinary remed[ies]," should issue in this case, which is a burden that a "party seeking [such an order] must demonstrate by a clear showing." *See Fair Hous. Just. Ctr., Inc. v. Cuomo*, 18-CV-3196 (VSB), 2018 WL 4565152, at *10 (S.D.N.Y. Sept. 24, 2018) (citations omitted). Accordingly, Plaintiff's second motion for preliminary injunction and temporary restraining order, (Doc. 16), is DENIED.

### IV.   Conclusion

For the reasons stated above, Plaintiff's motion for a preliminary injunction and temporary restraining order, (Doc. 16), is DENIED.

The Clerk of Court is respectfully directed to terminate the open motions at Docs. 12, 13, and 16, and mail a copy of this order to pro se Plaintiff.

SO ORDERED.

Dated: September 14, 2022
       New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge