UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
JOSE ANTONIO RAMOS,                                     :
                                                        :
                       Plaintiff,                       :
                                                        :          22-CV-3959 (VSB)
         - against -                                    :
                                                        :          **OPINION & ORDER**
                                                        :
BREAKING GROUND and CITY OF                             :
NEW YORK,                                               :
                                                        :
                       Defendants.                      :
                                                        :
-------------------------------------------------------- X

Appearances:

Jose Antonio Ramos
New York, New York
*Pro Se Plaintiff*

Dianna L. Daghir McCarthy
Monika Karolina Olowska
Kaufman Borgeest & Ryan, LLP
New York, NY
*Counsel for Defendant Breaking Ground*

Jordan Doll
New York City Law Department
New York, NY

Marilyn Richter
Corporation Counsel of the City of New York
New York, NY
*Counsel for Defendant City of New York*

VERNON S. BRODERICK, United States District Judge:

      Before me are Defendant the City of New York (the "City") and Defendant Breaking Ground's respective motions to dismiss Plaintiff's complaint. (Doc. 31 (City's motion); Doc. 34 (Breaking Ground's motion).) Also before me is Plaintiff's motion for a temporary restraining

order and preliminary injunction filed against both Defendants. (Doc. 43.) For the reasons that follow, the motions to dismiss are GRANTED, and the motion for a temporary restraining order and preliminary injunction is DENIED.

### I. **Factual and Procedural Background**

Plaintiff Jose Antonio Ramos filed this action pro se on May 13, 2022 against Defendants Breaking Ground and the New York City Department of Homeless Services ("DHS"). (Doc. 2 ("Compl.").) Plaintiff described himself as a formerly "homeless individual" living in Defendant Breaking Ground's temporary supportive housing. (*Id*. ¶¶ 1–2.) On behalf of himself and "several other similarly situated individuals at 123 East 15th Street," Plaintiff claimed that (1) despite complying with all necessary requirements over a nine-month period, "no permanent housing was offered, yet several other individuals who were only three weeks at 123 East 15th Street, were given housing by Defendants"; (2) he and other individuals at 123 East 15th Street "are seniors with some handicaps [who] are fearful from using the showers or bathrooms" due to a lack of safety strips or safety bars; and (3) Defendants have "denied Plaintiff and [o]ther similar[ly] situated individuals . . . safe and adequate permanent housing in the City of New York." (*Id*. ¶¶ 4–6, 8.) On May 20, 2022, I issued an order which dismissed without prejudice Plaintiff's claims asserted on behalf of others, dismissed Defendant DHS since it is a non-suable entity, added Defendant the City of New York, and ordered Plaintiff to serve Defendants Breaking Ground and the City. (Doc. 5.)

The same day, May 20, 2022, Plaintiff filed a motion for preliminary injunction and temporary restraining order ("TRO/PI"). (Doc. 6.) I denied Plaintiff's motion for failure to demonstrate by a clear showing why such extreme remedies should be issued in this case. (Doc. 7.) On August 11, 2022, Plaintiff moved to amend the complaint on behalf of himself and "all other similar[ly] situated individuals who are Hispanics" and are "being subjected to further

harassment by Defendants." (Doc. 13 ¶ 4.) Plaintiff further alleged that "Plaintiff and another similar situated individuals [*sic*] are continually being told by staff that there is no housing available at the present moment to house Plaintiffs who are Hispanics, yet individuals who are white and black are given housing after three months." (*Id.* ¶ 5.)

On August 18, 2022, Plaintiff filed a second TRO/PI on behalf of himself, an individual named Billy Figueroa, and others similarly situated. (Doc. 16.) As part of his second TRO/PI papers, Plaintiff included an affidavit from Mr. Figueroa, (*id.* at 3–4), alleging, among other things, that his roommate at 123 East 15th Street was harassing him, and requesting that Mr. Figueroa be transferred to a single room. (*Id.*) On September 14, 2022, I dismissed Plaintiff's claims asserted on behalf of others, including Mr. Figueroa. (Doc. 27 at 4.) After construing Plaintiff's claim as asserted under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b), I denied the TRO/PI because Plaintiff had not demonstrated a likelihood of success on merits of those claims and had not satisfied the other factors for preliminary injunctive relief. (*Id.* at 4–6.)

On October 26, 2022, the City filed a motion to dismiss, (Doc. 31), and an accompanying memorandum of law, (Doc. 32 ("City Mem.")). After two attorneys filed notices of appearance on behalf of Breaking Ground, on November 22, 2022, (Docs. 10, 11), I ordered Breaking Ground to respond to Plaintiff's claims, (Doc. 33). On December 12, 2022, Breaking Ground filed a motion to dismiss, (Doc. 34), and accompanying memorandum of law, (Doc. 35 ("Breaking Ground Mem.")). On August 14, 2024, Plaintiff filed an affidavit in opposition to the motions to dismiss. (Doc. 41.) On August 23, 2024, Breaking Ground submitted a letter reply to Plaintiff's opposition. (Doc. 45.) The City has not filed a reply to Plaintiff's opposition.

Meanwhile, on August 15, 2024, Plaintiff filed a proposed order to show cause for a preliminary injunction and temporary restraining order, seeking an order enjoining Defendants

from removing his property from his room at 123 East 15th Street and enjoining "any future harassment by Defendants herein." (Doc. 42.) Plaintiff filed a notice of motion regarding the TRO/PI on August 20, 2024. (Doc. 43.) Defendants have not filed anything in response to Plaintiff's TRO/PI motion.

### II.     Legal Standards

#### A.     *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court takes the well-pled facts in the complaint as true, draws all reasonable inferences in the plaintiff's favor, and ignores any "legal conclusions" among the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law. *Twombly*, 550 U.S. at 558.

#### B.     *Preliminary Injunction*

To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted); *see AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc.*

*v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted)). "Thus, if a party fails to show irreparable harm, a court need not [ ] address the remaining elements." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

### C. Pro Se Litigant

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).

Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted). Similarly, a pro se plaintiff seeking a temporary restraining order or a preliminary injunction still must demonstrate that "extraordinary and drastic" relief is warranted. *See Brock v. The City of New York*, No. 21-CV-11094 (S.D.N.Y. Jan. 7, 2022), ECF No. 8 (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005); *see also Buckley v. N.Y. & Presbyterian Hosp.*, No. 21-CV-7864 (S.D.N.Y. Sep. 21, 2021), ECF No. 6.

### III. Discussion

#### A. The City's Motion to Dismiss

The City argues Plaintiff's claims against it must be dismissed for four reasons. Although I disagree with the City that Plaintiff's complaint should be dismissed for untimely service, I agree with the City's arguments on the merits.

*First*, the City points out that my May 20, 2022 order directed Plaintiff to serve the City within 90 days of issuance of the summons, but Plaintiff effectuated service on the City more than 110 days after the summons issued. (Doc. 8 (summons issued May 23, 2022); Doc. 28 (City served September 13, 2022).) Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In light of Plaintiff's status as a pro se litigant, *see Boykin*, 521 F.3d at 214, I make a finding of good cause and extend Plaintiff's time to effectuate service. *Cf. Harper v. NYC Admin. for Children's Servs.*, No. 09-CV-2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010) ("While a plaintiff's pro se status . . . does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m), the Court may nevertheless exercise its discretion and extend the time to serve." (citations omitted)).

*Second*, the City argues that I have already dismissed Plaintiff's claims made on behalf of others similarly situated. (City Mem. 7.) The City is correct; my September 14, 2022 order dismissed Plaintiff's claims asserted on behalf of others. (Doc. 27 at 4.). As Plaintiff has not sought to re-assert these claims, they remain dismissed, and the motion to dismiss is moot as to the claims asserted on behalf of others.

*Third*, the City argues that, regardless of whether I construe Plaintiff's claim as one for disability discrimination under the Fair Housing Act[1] or under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act, 42 U.S.C. § 3601, *et seq.*, Plaintiff fails to state that he has a qualifying disability or that he requested a reasonable accommodation. (City Mem. at 9.) To survive a motion to dismiss a disability discrimination claim under any of these statutes, a plaintiff must allege he has a qualifying disability that substantially limits his major life activities. *See Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 609 (S.D.N.Y. 2016) (FHA); *Dabney v. Christmas Tree Shops*, 958 F. Supp. 2d 439, 456 (S.D.N.Y. 2013) (ADA and Rehabilitation Act), *aff'd sub nom. Dabney v. Bed Bath & Beyond*, 588 F. App'x 15 (2d Cir. 2014). As I have previously explained, "Plaintiff has not alleged any handicap or disability." (Doc. 27 at 5.) In the context of these antidiscrimination statutes, Plaintiff cannot survive a motion to dismiss by claiming he has "some handicaps," (Compl. ¶ 6), rather he must plead that his handicap or disability substantially affects a major life activity. *Mazzochi*, 204 F. Supp. 3d at 609; *Dabney*, 958 F. Supp. 2d at 456. Plaintiff's failure to make this showing dooms any disability discrimination claim under the FHA, ADA, or Rehabilitation Act. I therefore need not address the other alleged deficiencies with these claims, although I note that I have already explained that Plaintiff "has not filed any grievances or requested any reasonable accommodations." (Doc. 27 at 5.)

*Fourth*, the City argues Plaintiff failed to state a claim for housing discrimination on the basis of his race in violation of the FHA. (City Mem. at 10–11.) Plaintiff does not plead "direct evidence of discrimination, since he does not allege facts, such as statements or written policies, that directly show that defendant treated him as it [allegedly] did because of his race." *Calixte v.*

---

[1] The City also argues that it is unclear whether FHA protections apply to temporary supportive housing, commonly known as homeless shelters. (City Mem. at 7–8.) I need not decide this question to dispose of the case.

*Susan Ray Equities Inc.*, No. 21-CV-3623, 2022 WL 118738, at *2 (E.D.N.Y. Jan. 12, 2022). Thus, to avoid dismissal, Plaintiff must identify indirect evidence of discrimination—an allegation that "offer[s] 'at least minimal support for the proposition that' an adverse action by a housing provider 'was motivated by discriminatory intent.'" *Id*. (quoting *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (en banc)). Plaintiff alleges that he—a "Hispanic" individual—is "continually being told by staff that there is no housing available at the present moment," but "individuals who are white and black are given housing after three months" at 123 East 15th Street." (Doc. 13 ¶ 7.) Plaintiff thus asserts a disparate treatment theory, and can survive a motion to dismiss only if he alleges that he was "similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotation marks omitted). Plaintiff does not allege that he was similarly situated in any respect to the non-Hispanic individuals that Defendants allegedly placed in housing before him. Thus, any FHA claim based on racial discrimination fails.

For these reasons, the City's motion to dismiss is GRANTED.

### B. Breaking Ground's Motion to Dismiss

Breaking Ground asserts that "service has not been effectuated on [it]", despite "[s]ervice on the City [being] made on September 13, 2022." (Breaking Ground Mem. at 2.) Despite being on notice of Breaking Ground's claim that service had not been effectuated, Plaintiff has not filed an affirmation of service for Breaking Ground, and therefore service is defective. *See* Fed. R. Civ. P. 12(b)(5); *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448, 2021 WL 185040, at *2 (S.D.N.Y. Jan. 19, 2021) ("Upon a finding that service has not been completed or is otherwise insufficient, courts have discretion to dismiss the case or simply quash the faulty service."). This is true notwithstanding the fact that Breaking Ground has appeared. *See Rosado-Acha v. Red*

*Bull Gmbh*, No. 15-CV-7620, 2016 WL 3636672, at *10 (S.D.N.Y. June 29, 2016) ("Merely making a general appearance before the court does not amount to waiver of Plaintiff's failure to effect service." (internal quotation marks and alteration omitted)). Therefore, Plaintiff's claims against Breaking Ground are dismissed. "Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice." *See In re South African Apartheid Litigation*, 643 F. Supp. 2d 423, 431–32 (S.D.N.Y. 2009); *see also United States v. Thompson*, 921 F.3d 82, 87 (2d Cir. 2019) ("Under New York law, a court does not have personal jurisdiction over civil defendants unless they are served in accordance with statutory requirements."). Since I do not have jurisdiction, I cannot reach the merits of Plaintiff's claim against Breaking Ground.[2] *See Libutti v. U.S.*, 178 F.3d 114, 125 (2d Cir. 1999) ("Because there is a lack of personal jurisdiction, we do not reach the merits . . .").

Breaking Ground's motion to dismiss is GRANTED WITHOUT PREJUDICE. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice." (citation omitted)).

### C.  *Temporary Restraining Order and Preliminary Injunction*

Plaintiff requests I issue a temporary restraining order to "prevent any further harassment of Plaintiff herein and to prevent the willful destruction of any and all property of Plaintiff herein." (Doc. 43.) Because Plaintiff failed to state any discrimination claims under the FHA, ADA, or Rehabilitation Act, it follows that Plaintiff also failed to establish "likelihood of success on the merits" of these claims, and I may deny Plaintiff's application on these grounds. *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221–22 (S.D.N.Y. 2019) ("[I]f the moving party fails to demonstrate a likelihood of success on the merits . . . the Court may deny

---

[2] I note, however, that the reasoning that supports granting the City's motion to dismiss on the merits would seem to apply to Breaking Ground's motion as well.

9

relief without addressing the question of harm."). Indeed, it is unclear if Plaintiff argues that the removal of his property is based on racial discrimination. (*See* Docs. 42–43.) To the extent Plaintiff asserts a claim relating to the taking of his personal property, just as before, his "conclusory allegations . . . fail to provide sufficient details evidencing irreparable harm." (Doc. 27 at 5.) *See, e.g.*, *Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt., L.P.*, No. 22-CV-4915, 2023 WL 1345717, at *4 (S.D.N.Y. Jan. 31, 2023) ("Conclusory assertions of irreparable harm are insufficient for injunctive relief." (internal quotation marks omitted and alteration adopted)). The motion for a temporary restraining order and preliminary injunction is DENIED.

## IV.   Conclusion

For the reasons stated above, Defendants' motions to dismiss, (Docs. 31, 34), are GRANTED, and Plaintiff's motion for a temporary restraining order and preliminary injunction, (Doc. 43), is DENIED.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 31, 34, and 43, to close the case, and to mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: November 22, 2024
       New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge